United States District Court
Southern District of Texas
**ENTERED**
January 08, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

WESLEY WILSON,                         §
         Plaintiff,                §
                      §
                      §
     v.                                  §       Civil Action No. H-19-2921
                      §
UNITED STATES OF AMERICA,              §
JUDGE LEE H. ROSENTHAL,                §
and JUDGE KENNETH MICHAEL              §
HOYT,                                  §
         Defendants.               §

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Defendants' Motion to Dismiss. (Docket Entry No. 19.) Having considered the motion, filings, and applicable law, the court recommends that the motion be granted and that this case be dismissed with prejudice.

For the reasons discussed below, the court further recommends that Wilson be precluded from proceeding in any subsequent litigation in this district without first obtaining leave to do so from the Chief Judge of the Southern District of Texas (or a designated district judge if the Chief Judge is recused).

Wilson is hereby ORDERED not to file any document in this case without first seeking leave to do so, except Wilson may file an objection to this Memorandum

and Recommendation (limited to ten pages) and/or a notice of appeal without prior leave of court.

## 1. Background and Procedural Posture

This is Wilson's second attempt to re-litigate a case that Judge Hoyt dismissed on January 30, 2017. In Civil Action No. H-16-3442, Wilson sued TD Auto Finance and other individuals and entities under the Truth-in-Lending Act. Judge Hoyt dismissed the case as barred by the statute of limitations. Wilson did not appeal. More than seven months after the court's order of dismissal, on September 11, 2017, Wilson filed a thirty-nine-page document under Rule 60 seeking, among other things, Judge Hoyt's disqualification. After the parties filed responses, Judge Hoyt struck the document from the record. On December 28, 2017, Wilson filed a thirty-two-page document that purported to seek a writ of mandamus based on Judge Hoyt's refusal to disqualify himself. Judge Hoyt struck that document from the record as well. Wilson did not appeal.

On January 1, 2018, Wilson filed a petition for writ of mandamus (the same document he filed in district court on December 28, 2017) with the Court of Appeals for the Fifth Circuit seeking disqualification of Judge Hoyt. The court issued a *per curiam* opinion on May 31, 2018. *In re Reverend Wesley Wilson*, No. 18-20004 (5th Cir. May 31, 2018). The court noted that "Wilson's rambling and often incoherent petition consists mostly of boilerplate recitations of law, arguments regarding the

2

merits of his suit, and ad hominem attacks on the district court judge." *Id.* at 3. The court found no basis for Judge Hoyt to be disqualified and denied the petition. *Id.*

On April 12, 2019, Wilson tried again. In Miscellaneous Action No. H-19-1115, Wilson filed a "Claim for Damage, Injury or Death" under the Federal Tort Claims Act seeking $1,665,000 in damages from the United States, apparently based upon Judge Hoyt's dismissal of his first case. Wilson presented his claim on a Standard Form 95 and attached another 100 pages of rambling and repetitive text, much of which he took directly from his earlier case before Judge Hoyt. The case was assigned to Chief Judge Rosenthal. The court dismissed the case on May 9, 2019. In her seven-page Memorandum and Order, Judge Rosenthal explained that Wilson's claims were untimely and without merit. The court explained that the United States is shielded from suits for money damages by sovereign immunity, and that Judge Hoyt is entitled to absolute judicial immunity.

Unsatisfied with that result, Wilson has now sued the United States and Judges Rosenthal and Hoyt. Wilson's complaint is 117 pages long, including attachments, and contains much of the same rambling, repetitive, and incoherent text that he included with his damages claim against the United States. Wilson attached to his complaint excerpts from his filings before Judge Rosenthal, Judge Rosenthal's Memorandum and Order, and his thirty-nine-page filing seeking Judge Hoyt's disqualification. It appears that Wilson is seeking the same relief he sought in his

"Claim for Damage, Injury, or Death," but has now brought in Judge Rosenthal as a defendant based on her dismissal of his claim. That is, he claims Judges Rosenthal and Hoyt were "negligent" in dismissing his claims, and that various of his constitutional and statutory rights have been violated by virtue of the dismissal of his cases.

The United States has moved to dismiss under Rule 12(b)(6).

## 2. Law and Analysis

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[r]egardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid legal theory." *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348, at *3 (S.D. Tex. Apr. 17, 2019).

The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court

4

should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

Wilson's complaint is a lengthy, mostly incoherent, repetitive mixture of legal citations, case law excerpts, and definitions. Despite its length, the complaint contains virtually no facts. Other than the conclusory allegation that Judges Rosenthal and Hoyt were "negligent" in their legal rulings, there are no facts that could support any cause of action, state or federal, constitutional or statutory. Wilson's complaint fails to state any cause of action upon which relief can be granted and must be dismissed for that reason alone.

Absent a waiver, the Federal Government and its agencies are shielded from suit by sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States has not waived sovereign immunity as to allegations of constitutional violations. *Partain v. Isgur*, 390 F. App'x 326, 329 (5th Cir. 2010). Yet even if Wilson stated a cause of action for which the United States waived its sovereign immunity, no suit may be brought against the United States based on the discretionary acts on the part of a federal agency or its employees. 28 U.S.C.

5

§ 2680(a). Wilson is complaining about the way two federal district judges handled his cases—clearly discretionary judicial acts. *Howard v. U.S. Dist. Court for S. Dist. Of Ohio*, No. 2:10-cv-757, 2011 WL 1043961, at *4 (S.D. Ohio March 17, 2011). Although Wilson asserts that his claims were negligently dismissed, the exercise of due care is irrelevant in situations involving discretionary functions. *Lively v. U.S.*, 870 F.2d 296, 297–98 (5th Cir. 1989). Moreover, Judges Rosenthal and Hoyt are immune from damages claims based on their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (describing judicial acts as actions normally performed by a judge within their judicial capacity).

### 3. Conclusion

The United States raised, among other things, sovereign immunity and judicial immunity in its motion to dismiss. Wilson did not respond to the motion to dismiss. The court extended the time for Wilson to respond, but he failed to do so. The court concludes that granting leave to amend the complaint would be futile. Because Wilson has failed to state a cause of action upon which relief may be granted, the court recommends that this case be dismissed with prejudice.

As the factual recitation above indicates, Wilson has now filed two lawsuits and a petition for writ of mandamus in an effort to revive his original Truth-in-Lending Act claim. His filings are voluminous and have absorbed significant time from at least six judges, Clerk's Office personnel in the district court and the court

of appeals, not to mention the government resources wasted in responding to this lawsuit. It is clear to the court that Wilson will continue to file frivolous lawsuits and pleadings absent judicial intervention.

The court therefore ORDERS that Wilson shall not file any further documents in this case absent prior leave of court. Wilson may, however, file an objection to this Memorandum and Recommendation (limited to ten pages), and a notice of appeal after final judgment is entered without leave of court.

The court further recommends that Wilson be precluded from proceeding in any subsequent litigation in this district without first obtaining leave to do so from the Chief Judge of the Southern District of Texas (or a designated district judge if the Chief Judge is recused). *See Kiggundu v. Bank of New York Mellon*, No. 4:18-CV-1455, 2019 WL 1383719, at *4 (S.D. Tex. March 14, 2019) (Hittner, J.) (enjoining further litigation based on plaintiff's history of vexatious and frivolous litigation).

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72.

Signed at Houston, Texas on January 8, 2020.

_____

Peter Bray
United States Magistrate Judge